TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK SHARKOZY, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>TERRA-GEN OPERATING COMPANY, INC., a Domestic Corporation; TERRA-GEN POWER. LLC; a Foreign Corporation; BEOWAWE POWER, LLC, a Domestic Corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>            Defendants. | CASE NO: 3:16-cv-592-HDM-WGC<br><br>**JOINT CASE MANAGEMENT REPORT** |

Plaintiff MARK SHARKOZY ("Plaintiff"), by and through his attorney of record, Trevor J. Hatfield, Esq., of HATFIELD & ASSOCIATES, LTD., and Defendants TERRA-GEN OPERATING COMPANY, INC.; TERRA-GEN POWER, LLC; and BEOWAWE POWER, LLC., ("Defendants"), hereby submit this Joint Case Management Report pursuant to the Court's order (Dkt. No. 28).

1.   **A short statement of the nature of the case, including a description of each claim or defense.**

Plaintiff contends that he is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section 1201 et

1

seq., the Rehabilitation Act of 1973, and amendments thereto, and 26 U.S.C. Section 701 et seq., and 29 U.S.C. Section 2601 et seq.  Defendants' contest that Plaintiff is a qualified individual with a disability within the meaning of the American's with Disabilities Act.  Plaintiff was hired by Defendants as a general technician in July, 2008.  Plaintiff was informed by Defendants supervisory employees that he temporarily could not work due to him suffering an on the job injury.  Plaintiff contends that he requested accommodation and leave, which was provided to him initially only to be rescinded by Defendants without notice or opportunity for engagement in an interactive process for accommodation for his disability.  Defendants deny that any accommodation was rescinded without notice or opportunity for engagement in an interactive process for accommodation and assert that Plaintiff could not be reasonably accommodated.

First Cause of Action:  Plaintiff was wrongfully terminated under Titles I and V of the Americans with Disabilities Act and suffered harassment due to a hostile work environment. Although he was able to perform his duties, Plaintiff was terminated and replaced by a non-disabled individual.  Defendants deny that Plaintiff was wrongfully terminated or that he was harassed due to a hostile work environment.  Defendants deny that Plaintiff was able to perform his duties.

Second Cause of Action:  Plaintiff was discriminated against due to disability in violation of §§ 501 AND 505 of the Rehabilitation Act.  Defendant denied Plaintiff reasonable accommodation for his disability.  Defendants deny that Plaintiff was denied reasonable accommodation.

Third Cause of Action:  Plaintiff was subject to retaliation under the Americans with Disabilities Act. Defendant initially provided accommodation for his disability but then revoked it causing irreparable harm and deprivation of income to Plaintiff.  Defendants deny these claims.

**2.**     **A description of the principal factual and legal disputes in the case.**

      **a.**    **Factual Disputes** - No discovery has been conducted, so it is not clear what factual disputes there are other than the allegations of the complaint and the denials of the answer.

      **b.**    **Legal Disputes** – Defendants deny liability and damages

**3.**    **The jurisdictional basis for the case, citing specific jurisdictional statutes.**

U.S. District Court Local Rule 8-1 provides that civil actions shall be filed in the division in which the action allegedly arose. This action arose in northern Nevada. Plaintiff was employed by Defendant Terra-Gen at its geothermal power plant in Beowawe, Nevada. The power plant is located in Lander County. At all times relevant to the allegations of the complaint, Mr. Sharkozy resided in Crescent Valley, Nevada, which is located in Eureka County, Nevada. All actions complained of in the complaint took place in Lander County (where the power plant is located) or in Eureka County (where plaintiff resided). All of the witnesses and all of the records related to this action are located at the power plant in Beowawe or at Terra-Gen's headquarters in Reno, Nevada.

**4.**    **Identification of any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

There are no parties who have not been served or who have not filed an answer

**5.**    **A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the case management conference.**

There are no additional parties expected to be added.

**6.**    **Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions.**

There is a pending Motion to Dismiss. (Dkt. No. 12)

///

**7.     A list of contemplated motions, if any, and an overview statement of issues to be presented by any such motions.**

Plaintiff contemplates filing a motion for leave to amend to add causes of action and Early Neutral Evaluation.

**8.     The status of related cases, if any, pending before other judges of this Court or before other courts in any other jurisdiction.**

There are no related cases pending before other judges or other courts in any jurisdiction.

**9.     Any further supplemental discussion of necessary discovery, including:**

    **a.     the extent, nature and location of discovery anticipated by the parties.**

    **b.     suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26-1(b); and**

    **c.     the number of hours permitted for each deposition, unless extended by the parties.**

The parties agree to be bound by the seven hours in a single day limitation on each deposition pursuant to FRCP 330(d)(1). Plaintiff intends to take two total depositions. Defendants intend to take 8 to 10 depositions.

**10.    A discussion of any issues relating to the disclosure or discovery of electronically stored information ("EST"), including the form or forms in which it should be produced (*see* Fed. R. Civ. P. 16(b)(3)(B)(iii); 26(f)(3)(C); and 33(d)).**

The parties don't anticipate any such issues.

**11.    A discussion of any issues related to any anticipated possible claims of privilege or work product (*see* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f)(3)(D)).**

There are no anticipated claims of privilege or work product.

**12.** **Unless the discovery plan and scheduling order otherwise provides and the Court so orders, the parties' Fed. R. Civ. P. 26(a)(3) disclosures and any objections thereto.**

The parties have filed their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(3).

**13.** **Unless the Court has already approved a discovery plan and scheduling order, the proposed dates for each of the following:**

The Court's approved a discovery plan, (Dkt. No. 26)

The deadlines submitted herein are in compliance with LR 26-1(b).

**14.** **The parties must certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. (LR 26-1(b)(7)**

The parties so certify.  ADR is not requested except Plaintiff contemplates moving for an Early Neutral Evaluation.

**15.** **The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).  (LR 26-1(b)(8)).**

The parties so certify.

**16.** **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons):**

A jury trial has been requested.

**17.** **The estimated length of trial and any suggestions for shortening and/or expediting the trial.**

The parties estimate the trial will last 2 – 3 days.

///

///

5

**18.** The prospects for settlement, including any request of the Court for assistance in settlement efforts.

The parties believe that settlement may be reached.

**19.** Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed. R. Civ. P.1 and LR 1. Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this Court's Local Rules to minimize the expense of discovery.

None.

Dated this 15th day of November, 2016.

| HATFIELD AND ASSOCIATES, LTD | BOWEN HALL |
|---|---|
| /s/ Trevor J. Hatfield | /s/ Dan C. Bowen |
| Trevor J. Hatfield, Esq., NV Bar No. 7373<br>703 South Eighth Street<br>Las Vegas, Nevada 89101<br>Tel.: (702) 388-4469<br>*Attorneys for Plaintiff* | Dan C. Bowen, Esq., NV Bar No. 15555<br>555 S. Center St.<br>Reno, NV 89501<br>Tel.: (775) 323-8678<br>*Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED this 23rd day of November, 2016.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE