**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK SHARKOZY, | 3:16-cv-00592-HDM-WGC |
| Plaintiff, | |
| | ORDER |
| vs. | |
| TERRA-GEN OPERATING COMPANY, INC., et al., | |
| Defendants. | |

Before the court is plaintiff's motion for leave to amend his complaint. (ECF No. 36). Defendants responded (ECF No. 41) and plaintiff replied (ECF No. 42).

Rule 15(a) provides that leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, a court considers the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Granting leave to amend is futile when an added claim would be barred by the statute of limitations. *Deutsch v. Turner Corp.*, 324

1

F.3d 692, 718 n.20 (9th Cir. 2003). Newly added claims, however, are timely filed if they relate back to the original pleadings under Rule 15(c). The rule provides for relation back when either "the law that provides the applicable statute of limitations allows relation back" or the amendment asserts a claim "that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(A)-(B). "Claims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989)). Thus, "amendment of a complaint is proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury." *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988) (quoting *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 738-39 (9th Cir. 1982)).

Plaintiff was discharged by his employer on November 24, 2014. (ECF No. 1 at ¶ 20). Plaintiff's original complaint, filed March 17, 2016, alleged the following causes of action: (1) wrongful termination under the Americans with Disability Act of 1990 (ADA); (2) violation of the Rehabilitation Act; and (3) retaliation under the ADA. (*Id.*). Plaintiff now seeks to amend his complaint by adding a claim for tortious discharge for filing workers' compensation claims. (ECF No. 36-1 at ¶¶ 20, 47-51).

In Nevada, "retaliatory discharge by an employer stemming from the filing of a workmen's compensation claim by an injured [at-will] employee is actionable in tort." *Hansen v. Harrah's*, 100 Nev. 60, 64,

675 P.2d 394, 397 (1984). Under Nevada law, there is a two-year statute of limitations period on such a claim. *See* NRS 11.190(4)(e); *State Farm Mut. Auto. Ins. Co. v. Fitts*, 120 Nev. 707, 709, 99 P.3d 1160, 1161 (2004). *See also Scott v. Corizon Health, Inc.*, No. 3:14-cv-00004-LRH-VPC, 2014 WL 1877431, at *2 (D. Nev. May 9,2014). Defendants assert that the statute of limitations has run on plaintiff's tortious discharge claim and that this claim relies on different facts than those alleged in plaintiff's original complaint. (ECF No. 41 at 3). Defendants argue that the new claim therefore does not relate back and that amendment would be futile.

In plaintiff's original complaint he referenced the filing of the workers' compensation claim when he stated: "At all relevant times, Plaintiff fully, adequately and completely performed all functions, duties and responsibilities of his employment with Plaintiff until he became injured while on the job. Plaintiff filed a workers' compensation claim." (ECF No. 1 at ¶ 18). Liberally construed, the court concludes that plaintiff's reference to his workers' compensation claim in the context of his termination is sufficient to state a claim for tortious discharge. Therefore, the tortious discharge claim relates back to the filing of the original complaint. As such, the amendment would not be futile. Accordingly, plaintiff's motion to amend (ECF No. 36) is **granted**. Plaintiff shall file his amended complaint on or before May 1, 2017.

IT IS SO ORDERED.

DATED: This 24th day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE